IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF                    :

JOHN MICHEL LOHNER WERREN AND :      CASE NO. 05-10644(SEK)
JUDITH GANTENBEIN ROSENAST
      DEBTORS                  :      CHAPTER 7
-------------------------------
FREEDOM FRESH, LLC, et al.     :

      PLAINTIFF                :      ADV. NO. 06-0007

         V.                    :

JUDITH GANTENBEIN ROSENAST,    :
JOHN MICHEL LOHNER WERREN,
a/k/a John Gantenbein, John    :
M. Lohner, John Lohner
------------------------------:

```
┌─────────────────────────────┐
│   FILED & ENTERED           │
│                             │
│      1 1 JUL 2008           │
│                             │
│         CLERK               │
│  U.S. BANKRUPTCY COURT      │
│   SAN JUAN, PUERTO RICO     │
└─────────────────────────────┘
```

## OPINION AND ORDER

Freedom Fresh, LLC, Puerto Nuevo Cold Storage, Inc., A&J Organic Produce, LLC and A&J Produce, Inc. (hereinafter "plaintiffs") ask that we reconsider our order denying entry of judgment summarily, in this complaint to determine non-dischargeability of a debt against the defendants as principals and officers of Judith's Fine Foods International (hereinafter "Judith's" ), for fraud or defalcation while acting in a fiduciary capacity under §523(a)(4).[1] Because the motion was filed within ten days from entry of our order, we consider it a motion to alter or amend judgment under Federal Rule of Civil Procedure 59 and Federal Rule of Bankruptcy Procedure 9023.[2] We

---

[1] All references to the "Bankruptcy Code" or to specific sections are to the Bankruptcy Reform Act of 1978, as amended prior to April 20, 2005, 11 U.S.C. §101, et seq.

[2] "The federal courts have consistently stated that a motion ... which challenges the prior judgment on the merits will be treated as either a motion 'to alter or amend' under Rule 59(e)

2

grant the motion in part and deny in it part for reasons that follow.

In order to be successful on a Rule 59(e) motion, the moving party must establish a manifest error of law or fact, or must present newly discovered evidence. <u>Landrau-Romero v. Banco Popular de P.R.</u>, 212 F.3d 607, 612 (1st Cir. 2000). A Rule 59(e) motion cannot be used to cure its procedural defect, nor to offer new evidence or raise arguments that could and should have been presented originally to the court. <u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997).

To meet the threshold requirements of a successful Rule 59(e) motion, the motion "must demonstrate the reason why the court should reconsider its prior decision and must set forth facts or law of a strongly convincing nature to induce the court to reverse its earlier decision." <u>In re Pabón Rodríguez</u>, at 219.

Plaintiffs argue that we erred by adopting the opinion an order entered on February 1, 2008 in the related case of R Best Produce v. John Michel Lohner and Judith Gantenbein, adversary proceeding 06-0040, when the facts and procedural history are



---

or a motion for 'relief from judgment' under Rule 60(b). ... Which rule applies depends essentially on the time a motion is served. If a motion is served within ten days of the rendition of judgment, the motion ordinarily will fall under Rule 59(e). If the motion is served after that time, it falls under Rule 60(b)." <u>In re Pabón Rodríguez</u>, 233 B.R. 212, 218-19 (Bankr. D.P.R. 1999). Our order was entered on February 1, 2008. Debtor's motion to reconsider was filed on February 11, 200. Thus, we consider Debtor's motion under Rule 59(e), applicable to bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 9023.

3

completely different. We agree that the facts regarding the judgment entered by the New York District Court were incorrectly adopted to this case. For that reason we amend the findings of fact in our previous order as follows.

Judith's was a corporation engaged in selling wholesale quantities of fresh fruits and vegetables ("produce" ) in Puerto Rico. Apparently, it was a closely corporation, whose principal shareholders and officers were Judith Gantenbein Rosenast and her husband, John Michel Lohner Werren ("the officers" ). By the summer of 2005, Judith's was in financial distress, attributed to a number of reasons, none of which are relevant here. When its finances did not improve, Judith's ceased operations in July, 2005, after reaching an "agreement with Caribbean Produce Exchange ... to take over [its] obligations with the cruise ships. ... A contract of $155,000 was agreed to with the proceeds going to Judith's Fine Foods."[3]



Freedom Fresh, A&J Organic Produce, Inc., A&J Produce, Corp. and Puerto Nuevo Cold Storage sold produce to Judith's during the months before it ceased operations. All of them have outstanding balances for these transactions, covered by PACA. Meanwhile, another PACA creditor sued Judith's and the officers in the New York District Court to collect its PACA claim. That Court issued a Temporary Restraining Order in an attempting to secure the res of Judith's PACA trust. A month and a half or so later, Judith's

---

[3] See defendant's opposition to Plaintiff's motion for summary judgment, docket entry #49, p.6.

4

and the officers filed voluntary petitions for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Both estates in bankruptcy were administered by the same Trustee, who deposited the funds on hand in an underlying litigation pending in the District Court, abandoning all other assets, including Judith's accounts receivables. The unopposed motion for abandonment shows the Trustee abandoned accounts receivables that Judith scheduled at $700,000, inventory valued in schedules at $3,500 and machinery and equipment (an auxiliary electric plant) worth $2,000.[4]

The plaintiffs sued the officers in this court, claiming the outstanding debt resulted from the officers' defalcation of the PACA trust's assets while acting in their fiduciary capacities, and so may not be discharged in bankruptcy under 11 U.S.C. §523(a)(4). The plaintiffs seek resolution of this matter via summary judgment.

Having amended our findings of fact, we conclude our ruling denying the application of the doctrine of collateral estoppel is also inapplicable to this case. However, additional grounds for denial of summary judgment stand. Now we turn to the remaining arguments for reconsideration.

Plaintiffs argue that our finding that there are trust assets available, does not demonstrate that the defendants satisfied their fiduciary duties. The fact is defendants admitted



---

[4]See docket entry #39 filed in *In re* Judith Fine Foods International, bankruptcy case number 05-10629.

5

in open court that the funds available for collection would be insufficient to satisfy all PACA claims.

We disagree. Although we are aware of debtor's averments made in open court on September 13, 2007, plaintiffs omit the fact that the defendant was acting *pro se* at that time. Once counsel intervened, the defendant supplemented its opposition to summary judgment, indicating there were sufficient trust fund assets in the form of accounts receivables, in order to satisfy all PACA claims. See docket entry # 55.

Plaintiffs also argue accounts receivable are not "freely available" assets, as required by PACA regulation.[5] However, a plain reading to the statute does not support this interpretation. PACA law clearly states that trust assets include the 'commodities', 'inventories of food or other products derived from such commodities', and 'any **receivables** or proceeds from the sale of such commodities or products'. 7 U.S.C. §499e(1)(emphasis ours). "The commodities, **receivables**, or proceeds 'shall be held by such commission merchant, dealer or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers or agents.' 7 U.S.C. §499e(c)(2)". <u>Hiller Cranberry Products, Inc. V. Koplovsky</u>, 165 F.3d 1, 5 (1st Cir. 1999)(emphasis ours).



---

[5] The trustee must "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers of Perishable Agricultural Commodities." 7 C.F.R. §46.46(d)(1).

6

"PACA liability attaches first to the corporation that has sold produce without remitting the proceeds due to the beneficiary. If, however, corporate assets are insufficient to satisfy the PACA liability, then others may be held secondarily liable if they had a role in causing the corporate trustee to commit the breach of trust." In re Ozcelik, 267 B.R. 485, 490 (Bankr. D.Mass. 2001). *See also*, Shepard v. K.B. Fruit & Vegetable, Inc., 868 F.Supp. 703, 706 (E.D.Pa. 1994); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997); Goldman- Hayden Co., Inc. v. Fresh Source Produce, Inc., 217 F.3d 348, 351 (5th Cir. 2000).

In this case there are trust funds in the form of **accounts receivables** still available in a substantial amount, which indicates the trust has not been dissipated.[6] At this time, plaintiffs have failed to prove the trust fund has been dissipated or its fiduciaries failed to preserve the trust, constituting defalcation under §523(a)(4).[7] Therefore, we cannot



---

[6] Furthermore, the existence of these funds was recognized in a settlement filed in Judith's and the defendants' bankruptcy cases, where Judith's, the defendants, plaintiffs and the other PACA claimants, and the Chapter 7 Trustee, agreed the Trustee would abandon Judith's receivables and collection procedures would be attempted, depositing any recovered funds with the Clerk of the District Court of Puerto Rico, pending resolution of proceedings to determine entitlement to the funds, between PACA claimants and secured creditor Business Funds Inc. See docket entry # 38.

[7] The motion before us also includes additional arguments concerning defendants' actions in the operation of its business, in an attempt to establish breach of fiduciary duties. However, these are new arguments that should have been raised originally. Thus we need not delve into these grounds for reconsideration.

7

grant summary judgment against the officers as fiduciaries of the trust.

We conclude, plaintiffs have failed to establish any error of fact or law or present newly discovered evidence warranting reconsideration of our order denying summary judgment under FRCP 59 and FRBP 9023.

WHEREFORE, Plaintiff's motion to reconsider our order entered on February 1, 2008 is granted in part as to the additional findings of fact and denied . Our order scheduling pre trial hearing remains in effect.

**SO ORDERED**, in San Juan, Puerto Rico, on July 11, 2008.

SARA DE JESUS
U.S. Bankruptcy Judge

---

Rivera v. Falconer Glass Indus., 37 F.3d 25, 29 (1st Cir. 1994).